PAUL K. CHARLTON
United States Attorney
District of Arizona
DAVID P. PETERMANN
Assistant U.S. Attorney
Ohio State Bar Number 0071332
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff
David.Petermann@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Antonio Enrique Rojas,<br><br>　　　　Defendant. | CR 04-0841-TUC-DCB (CRP)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to the Indictment charging the defendant with a violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22 Code of Federal Regulations, Sections 121.1, 121.4, 123.1, 127.1(a), 127.1(c), and 127.3, Attempted Exportation of Arms Without a License, a felony.

## TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties

(a) A violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22 Code of Federal Regulations, Sections 121.1, 121.4, 123.1, 127.1(a), 127.1(c), and 127.3, is punishable by a maximum fine of $1,000,000.00, or a maximum term of imprisonment of ten (10) years, or both.

(b) Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment with two to three years of supervised release to follow under §§ 5D1.1 and .2 of the Sentencing Guidelines.

(c) Pursuant to the Sentencing Guidelines issued under the Sentencing Reform Act of 1984, the Court shall order the defendant to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(f) of the Guidelines.

(d) Pursuant to 18 U.S.C. § 3013(a), the defendant shall pay a special assessment of $100.00 for each count to which the defendant is pleading guilty. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

Agreements Regarding Sentence

Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree to following binding sentencing recommendation:

If the defendant's Criminal History Category is I, a sentencing range of 15-21 months imprisonment.

The plea agreement is explicitly conditioned on the defendant not having a Criminal History Category greater than I. The government may move to withdraw from the plea agreement, at any time prior to sentencing, if it discovers the defendant's Criminal History Category is greater than

I. The government agrees to dismiss the Petition to Revoke Conditions of Release filed January 13, 2005 at the time of sentencing.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the Pre-sentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2), an opportunity to withdraw the defendant's guilty plea.

Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

In addition to waiving his right to a trial by jury, defendant is waiving his right, if any, to have a jury make factual findings beyond a reasonable doubt to support upward adjustments and departures under the United States Sentencing Guidelines. Defendant agrees that the Court may make such findings, based upon all reliable evidence, including hearsay, at sentencing applying a beyond a reasonable doubt standard. Defendant also waives his right, if any, to have such facts alleged in the indictment.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing:

1.  All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

2.  All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

3.  All history of drug abuse which would warrant a treatment condition as part of sentencing.

4.  All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Effect on Forfeiture Proceedings

Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Guideline Range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Elements of the Offense

1) The defendant did knowingly and willfully attempt to export defense articles from the United States to the Republic of Mexico;

2) The defense articles as designated on the United States Munitions List were a Cobra .380 semi-automatic handgun, serial number FS002554 and a Lorien .380 semi-automatic handgun, serial number LH04013; and

3) The defendant did not first obtain from the Department of State a license for such export or written authorization for such export.

### Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

On March 19, 2004, Antonio Enrique Rojas, attempted to enter the Republic of Mexico from Nogales, Arizona at the Grand Avenue Port of Entry. Rojas was a pedestrian and was walking southbound. Officers observed Rojas wearing an unseasonably heavy jacket. As officers approached him, Rojas moved his hands towards his rear waistband. Rojas was seized and two handguns were discovered hidden in his rear waistband, that is, a chrome-plated Cobra .380 semi-automatic handgun, serial number FS002554 and a black Lorien .380 semi-automatic handgun, serial number LH04013. The weapons were defense articles as described on the United States Munitions List. Rojas admitted that he was aware of the hidden guns on his person and that he knew it was illegal to carry them into Mexico. Furthermore, Rojas had not acquired a license or written authorization from the United States Department of State to export said weapons from the United States to the Republic of Mexico. In addition, on March 26, 2004, Rojas violated the conditions of his pretrial release and obstructed justice by leaving the State of Arizona and entering the Republic of Mexico without permission or authorization to do so.

10/14/05
Date

*Antonio Rojas*
Antonio Enrique Rojas
Defendant

6

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _17th_ day of _October_, ____.

10/18/05
Date

Andrea Matheson
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

10-18-05
Date

DAVID P. PETERMANN
Assistant U.S. Attorney